MERRILL, Appellant, vs. BEST and others, Respondents.

*December 1—December 16, 1902.*

*Contracts: Evidence: Appeal and error: Questions reviewed.*

Where a written contract is ambiguous so as to justify resort to parol evidence to aid in its construction, and such evidence is in fair conflict, reversal on appeal is not justified in the absence of clear preponderance against the finding of the trial court thereon.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

In 1896 the plaintiff, together with several others, being the organizers and owners of the Britannia Mining Company, placed 25,000 shares of its stock in the hands and name of one of their number, Dupré, as trustee, to sell such stock in order to realize a fund for the development of mining properties whenever they should so decide; otherwise retaining their respective ownerships. Plaintiff's portion was 3,125 shares. He was also an owner of a large amount of other stock. On February 26, 1898, he executed to the defendant *George R. Best* an instrument in the following words:

"For the sum of $575 and other valuable consideration, the receipt of which is hereby acknowledged, I hereby sell, assign, and transfer all my right, title, and interest, consisting of about 16,000 shares of full-paid stock in the Britannia mine, to *G. R. Best,* his heirs and assigns; the said stock to be delivered on February 28, 1898. It is mutually understood that, if it falls below 15,000 shares, *Mr. Merrill* will allow a *pro rata* reduction on the shares."

On February 28th the parties met, and plaintiff indorsed and passed over to *Best* certificates for 11,231 shares of stock which were in his possession, and the parties figured up the amount to be paid under that assignment, which was paid him in money. They are in square conflict in their testimony as to whether such payment was for more than the 11,231 shares, or for that amount plus the 3,125 shares held by Dupré in trust for the plaintiff. Some time after that transaction, the defendant *Best* procured the executrix of Dupré, then deceased, to assign in blank the certificates for trust stock held by her decedent, and caused to be issued to himself certificates for the 3,125 shares contributed to that fund by the plaintiff. It was conceded that the purposes of the trust were at an end and the distribution of the stock to its owners was proper. Plaintiff commenced this suit against *Best* and the corporation and its officers to require a delivery

to him of the 3,125 shares of stock, together with any divi-
dends or interest earned thereon.   Evidence was offered for
the purpose of construing the transfer of February 26, 1898,
which was conflicting.  The court found that the plaintiff had
failed to prove the allegations of his complaint, and that the
defendants had proved the allegations of their answer; that
the plaintiff, on February 26th, sold and subsequently de-
livered to the defendant all his right, title, and interest in.
and to all the stock then owned by him, including his interest.
in the stock then held in trust by Dupré; and that the plaint-
iff, at the time of the commencement of the action, had no
right, title, and interest in or to the stock referred to in the
complaint.   Accordingly judgment was entered dismissing
the complaint, from which plaintiff appeals.

   *Chas. G. Woolcock,* for the appellant.

   For the respondents there was a brief by *Austin, Fehr &
Gehrz,* and oral argument by *W. H. Austin.*


   Dodge, J.   But a single issue was litigated upon the trial
of this case, namely, whether plaintiff had sold to the defend-
ant *Best* the 3,125 shares of so-called trust stock owned by the
former.   The evidence on the subject consisted of the writ-
ten assignment, set forth in the statement of facts, and testi-
mony as to the situation of that stock, as to the recognition
by both parties of its transfer, and payment therefor on the
28th of February, two days subsequent to the written assign-
ment, and declarations and subsequent conduct of both *Mer-
rill* and *Best* with reference thereto, with perhaps some ir-
relevant facts as to the negotiations of the parties at the time
of making the written agreement.   Upon this evidence the
trial court found as a fact that plaintiff did transfer such
stock.   The instrument of February 26th, according to its
tenor, undoubtedly sufficed to transfer all interest which the
plaintiff had in the corporation.   If it was ambiguous at all,
so as to justify resort to parol evidence to aid in construing

it, the evidence given was, to say the best for plaintiff, in fair conflict; and we cannot say that the finding is so opposed to its clear preponderance as to justify reversal on appeal. Upon the facts so found, of course, judgment for the defendant was properly rendered.

*By the Court.*—Judgment affirmed.